UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

PROGRESSIVE DIRECT INSURANCE
COMPANY,

          Plaintiff,

       v.

LEIGHANNE HARRIS and RAYCELLE
A. CALDWELL,

          Defendants.

CASE NO. 2:25-cv-01172-RSL

ORDER GRANTING MOTION TO DISMISS

LEIGHANNE HARRIS,

          Counterclaim Plaintiff,

       v.

PROGRESSIVE DIRECT INSURANCE
COMPANY,

          Counterclaim Defendant.

      This matter comes before the Court on "Defendant Harris' Motion to Decline Jurisdiction and Dismiss Plaintiff's Complaint." Dkt. 11.[1] This is a declaratory judgment action in which Progressive seeks a declaration that the maximum amount it could be

_____

[1] The matter can be decided on the papers submitted. The parties' requests for oral argument are DENIED.

ORDER GRANTING MOTION TO DISMISS - 1

required to pay to indemnify its insured with respect to an automobile accident is the policy limits for bodily injury and property damage ($100,000 each). The insured, Raycelle Caldwell, has entered into a stipulated settlement and consent judgment for $2,075,000 in an underlying state tort action and has assigned all of her rights and claims under the Progressive insurance policy to the person she hit, Leighanne Harris. Progressive has intervened in the state court action so that it can participate in the reasonableness hearing regarding the settlement terms.

Harris requests that the Court exercise its discretion to decline to hear this declaratory judgment action and dismiss the case. "Any court of the United States ... may declare the rights and other legal relations of any interested party seeking such declaration." 28 U.S.C. § 2201. A district court is not required to exercise jurisdiction over a declaratory judgment action, however, and in fact should not exercise its discretion to grant declaratory relief "where another suit is pending in a state court presenting the same issues, not governed by federal law, between the same parties." *Chamberlain v. Allstate Ins. Co.*, 931 F.2d 1361, 1366-67 (9th Cir. 1991), abrogated on other grounds by *Wilton v. Seven Falls Co.*, 515 U.S. 277, 287, 289-91 (1995). In this context, the "normal principle that federal courts should adjudicate claims within their jurisdiction yields to considerations of practicality and wise judicial administration." *Wilton*, 515 U.S. at 288. District court's have the discretion to dismiss, abstain, or stay a federal declaratory action if appropriate in the circumstances. *R.R. Street & Co. Inc. v. Transp. Ins. Co.*, 656 F.3d 966, 975 (9th Cir. 2011).

In determining whether to exercise its jurisdiction, the district court's primary considerations are: (1) the avoidance of needless determinations of state law issues; (2) discouragement of forum shopping; and (3) avoidance of duplicative litigation. *Brillhart v. Excess Ins. Co.*, 316 U.S. 491, 495 (1942); *Gov't. Employees Ins. Co. v. Dizol*, 133 F.3d 1220, 1225 (9th Cir. 1998) (en banc). "[T]here is no presumption in favor of

ORDER GRANTING MOTION TO DISMISS - 2

abstention in declaratory actions generally, nor in insurance coverage cases specifically." *Dizol*, 133 F.3d at 1225.

### 1. Needless Determinations of State Law Issues

In assessing whether the exercise of jurisdiction over a declaratory judgment action involves a needless determination of state law, the Ninth Circuit has applied a presumption that if there are parallel state court proceedings involving the same issues and parties when the federal declaratory action is filed, the entire suit should be heard in state court and that any adjudication of state law issues would be needless. *Am. Cas. Co. v. Krieger*, 181 F.3d 1113, 1118 (9th Cir. 1999); *Continental Cas. Co. v. Robsac Indus.*, 947 F.2d 1367, 1371 (9th Cir. 1991). In the insurance coverage context, even if the state and federal court proceedings involve different issues (liability vs. coverage) and the insurer is not a party to the underlying liability action, a federal interpretation of state insurance law may still be deemed unnecessary where the "ongoing state proceeding involves a state law issue that is predicated on the same factual transaction or occurrence involved in" the federal lawsuit and there is an alternative state remedy through which the insurer could seek a declaration regarding coverage obligations from the same court that will decide the underlying tort action. *Am. Nat. Fire Ins. Co. v. Hungerford*, 53 F.3d 1012, 1017 (9th Cir. 1995), overruled on other grounds by *Dizol*, 133 F.3d 1220. Where, however, the coverage issue can be determined without recourse to the findings of the state court in the underlying action, the fact that there is a pending state proceeding, standing alone, does not make a state law determination unnecessary. *See Dizol*, 133 F.3d at 1225 (noting that the "pendency of a state court action does not, of itself, require a district court to refuse declaratory relief" but "federal courts should generally decline to entertain reactive declaratory actions.").

In both the underlying state court action and this declaratory judgment action, state law provides the rule of decision. Although the issue involved in the declaratory judgment

ORDER GRANTING MOTION TO DISMISS - 3

action, namely, the extent of the insurer's liability under the terms of the policy, has not been presented to the state court for resolution, the answer to the question will turn in part on the state court's evaluation of the reasonableness of the settlement the insured reached with Harris. Progressive has intervened in the underlying state court action in the hopes of impacting the nature and terms of the settlement agreement, requesting an opportunity to do discovery and to participate in the reasonableness hearing. The insurer acknowledges that Harris hopes to force Progressive to pay the entirety of the agreed settlement amount if it is found to be reasonable, notwithstanding the liability limits set forth in the policy. Dkt. 14 at 3. In these circumstances, the parties should and could bring their coverage issues – ranging from Harris' anticipated bad faith and breach of contract claims to Progressive's defensive declaratory judgment claim – before the court that is already steeped in the events giving rise to the insurance claim, that is overseeing discovery between the parties to this action, and that will be evaluating the reasonableness of the settlement amount. Federal court involvement is not necessary.

### 2. Discouragement of Forum Shopping

This second *Brillhart* factor also weighs in favor of abstention. Progressive filed this action shortly after receiving notice of the settlement agreement and just before it intervened in the state court action. While there is no doubt that Progressive had the right to choose a federal forum for its declaratory judgment action, Dkt. 14 at 7, it could have sought the same declaration from the court in which related issues are already being litigated and in which Progressive was poised to appear. Where the request for declaratory relief appears to be reactive, the Court is under no obligation to exercise jurisdiction or otherwise sanction a party's strategic choices between available forums. *See United Nat'l Ins. Co. v. Park at N. Creek Homeowner's Ass'n*, No. 2:08-cv-01046-JCC, 2009 WL 426211, at *3 (W.D. Wash. Feb. 19, 2009) (although the issues in the federal action were not identical to those pending in state court, the fact that the insurer perceived some

ORDER GRANTING MOTION TO DISMISS - 4

tactical advantage to litigating in federal court and filed the declaratory judgment action in reaction to the pending state matter suggests forum shopping).

### 3. Avoidance of Duplicative Litigation

The third *Brillhart* factor weighs slightly in favor of abstention. As currently presented, the legal issues related to coverage in the declaratory judgment action do not overlap with the determination of liability and the reasonableness of settlement issues that are being resolved in the underlying state court action. Nevertheless, because Progressive's federal claim seeks "a determination of the rights and obligations of the parties hereto under the Policy," Dkt. 1 at ¶ 8.1, facts necessary to resolve that claim will be developed in the state court proceeding. Litigating coverage issues in a vacuum, cut off from the facts that will enable the state court to determine whether a $2,075,000 settlement is reasonable, could result in duplicative fact-finding and potentially conflicting results if, as appears likely given Harris' counterclaims, this Court is tasked with determining the reasonableness of Progressive's $13,000 offer of settlement. Moreover, Harris intends to raise the coverage issues in the state court proceeding if her settlement with Caldwell is approved, which would make the two proceedings wholly duplicative. Permitting the present action to proceed is likely to waste judicial resources and risk inconsistent outcomes.

### 4. Additional Considerations

The *Brillhart* factors are not exhaustive and do not fully inform the Court's weighing of "concerns of judicial administration, comity, and fairness to the litigants." *Principal Life Ins. Co. v. Robinson*, 394 F.3d 665, 672 (9th Cir. 2005). Other relevant considerations are:

> whether the declaratory action will settle all aspects of the controversy; whether the declaratory action will serve a useful purpose in clarifying the legal relations at issue; whether the declaratory action is being sought merely for the purposes of procedural fencing or to obtain a 'res judicata' advantage; or whether the use of a declaratory action will result in entanglement

ORDER GRANTING MOTION TO DISMISS - 5

> between the federal and state court systems. In addition, the district court might also consider the convenience of the parties, and the availability and relative convenience of other remedies.

*Dizol*, 133 F.3d at 1225 n.5 (quoting *Am. States Ins. Co. v. Kearns*, 15 F.3d 142, 145 (9th Cir. 1994)).

Some of these additional factors, such as the reactive nature of the declaratory judgment action and the interrelation between the reasonableness hearing and Progressive's demand for a declaration of limited liability, have already been addressed as part of the *Brillhart* analysis and favor abstention. The Court further finds that this action is not likely to resolve Progressive's potential liability or have any non-obvious impact on the legal relationship of the parties. To the extent Progressive seeks a declaration that its policy has stated limits of $100,000 for personal injury and $100,000 for property damage, that information is apparent on the face of the policy, and this action has little impact or import. To the extent Progressive seeks a declaration that it can be liable only for those policy limits, that controversy turns in part on the ongoing state court proceedings and may ultimately be resolved there. Declining jurisdiction over the declaratory judgment action has the best chance of promoting the convenience of the parties and judicial economy by bringing all aspects of this dispute before the state court.[2]

//

//

---

[2] There is a possibility that the state court will deny Harris' anticipated motion to amend her complaint to assert coverage claims against Progressive. If that were to happen, judgment would be entered in the state court proceeding and a new action could be filed without the specter of inconsistent rulings, duplicative litigation, and wasted judicial resources.

ORDER GRANTING MOTION TO DISMISS - 6

For all of the foregoing reasons, Harris' motion to dismiss (Dkt. 11) is GRANTED. This matter is dismissed without prejudice to the re-filing of a declaratory judgment action in federal court should the state court decline to resolve the coverage issues.

Dated this 30th day of March, 2026.

Robert S. Lasnik
United States District Judge

ORDER GRANTING MOTION TO DISMISS - 7